[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11353

_____

D.C. Docket No. 2:15-cr-00099-SPC-MRM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NESLY LOUTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 21, 2018)

Before MARCUS, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Nesly Loute ("Mr. Loute") appeals his conviction and sentence for one count

of conspiracy under 18 U.S.C. § 1349 to commit mail fraud in violation of 18 U.S.C.

§ 1341. Mr. Loute raises several arguments on appeal. For the reasons set forth below we affirm Mr. Loute's conviction and sentence.[1]

Mr. Loute was charged with three counts of conspiracy to commit mail fraud. At trial, Mr. Loute contended that counts one, two, and three were not separate conspiracies but were instead one single conspiracy and, consequently, counts two and three should be dismissed as multiplicitous. Mr. Loute first moved to dismiss counts two and three prior to trial and the district court denied his motion. Mr. Loute again moved to dismiss counts two and three at the close of the Government's evidence and the district court granted his second motion. The district court thereafter instructed the jury only as to count one but also told the jurors, "[y]ou can consider all the evidence presented at the trial when you deliberate on the charge in Count 1." [Doc. 280 at 272.] On appeal, Mr. Loute contends that the district court committed reversible error by (1) allowing him to be prejudiced by references to "three conspiracies" prior to dismissal of counts two and three and (2) not striking evidence from the record regarding counts two and three.

Because Mr. Loute did not raise these arguments before the district court, we will review pursuant to the plain error analysis. United States v. Straub, 508 F.3d 1003, 1011 (11th Cir. 2007). For the reasons explained below, there was no plain

---

[1] Because we write only for the parties who, of course, are fully familiar with the relevant facts, we set forth only the facts necessary for explaining our holdings.

error. Considering first Mr. Loute's argument regarding the evidence underlying dismissed counts two and three, we look to our prior precedent United States v. Langford, 946 F.2d 798 (11th Cir. 1991) and United States v. Pierce, 733 F.2d 1474 (11th Cir. 1984). In Langford we commented that "[t]he principal danger in a multiplicitous indictment is . . . that the defendant may receive multiple sentences for a single offense." Langford, 946 F.2d at 804 (citing United States v. Hearod, 499 F.2d 1003, 1005 (5th Cir. 1974); United States v. Reed, 639 F.2d 896, 904 n.6 (2d Cir. 1981)). The defendants in both Langford and Pierce were indicted for multiple counts, found guilty by a jury of those multiple counts, and then successfully argued on appeal that their counts of conviction were multiplicitous. See Langford, 946 F.2d at 801, 804; Pierce, 733 F.2d at 1476. We addressed the "principal danger" of multiplicity in Pierce, where the defendant was sentenced to two consecutive sentences for multiplicitous counts, by remanding the case to the district court with instructions "to vacate the conviction and sentence with respect to either count I or count II, but not both." Pierce, 733 F.2d at 1476, 1479. In contrast, in Langford, where the defendant was sentenced to concurrent sentences for the multiplicitous counts, we found the multiplicity error to be harmless and affirmed the judgment of the district court. Langford, 946 F.2d at 804–05. In neither case, however, did we do what Mr. Loute requests of us in this appeal and remand the surviving non-multiplicitous count to the district court for a new trial free from

3

evidence relating to the dismissed counts.  Adhering to the implicit holdings of Langford and Pierce, we readily conclude that the district court did not plainly err in not striking the evidence underlying dismissed counts two and three. Moreover, the evidence underlying counts two and three would have been admissible in any event—either as evidence intrinsic to one single overarching conspiracy or as 404(b) evidence.

We consider next Mr. Loute's argument that he was prejudiced by references to "three conspiracies" during the Government's opening statements.  Following dismissal of counts two and three, both the Government's closing argument and the district court's instructions told the jury that they were only to consider count one. In both Langford and Pierce, by contrast, the jury not only heard opening arguments, closing arguments, and jury instructions about the multiplicitous counts but also proceeded to deliberate and find the defendants guilty of the multiplicitous counts. In neither case did we find sufficient prejudice to warrant reversal of the non-multiplicitous conviction.  In this case, the indicators of potential prejudice are certainly no greater (and probably are fewer) than in Langford and Pierce.  Relying on Langford and Pierce, we conclude that the district court did not plainly err in allowing the jury to hear those portions of the Government's opening statements in question.

Next, Mr. Loute argues that the district court erred in denying his motion for judgment of acquittal. We conclude that this challenge is wholly without merit as our review of the record reveals ample if not overwhelming evidence of Mr. Loute's guilt. Mr. Loute also challenges the district court's exclusion of hearsay testimony. We review this argument for plain error because the only ground of error asserted on appeal was not presented to the district court. Having reviewed the trial transcripts we discern no plain error in the district court's exclusion of hearsay testimony.

Mr. Loute also challenges various aspects of his Sentencing Guideline calculation and subsequent sentence. He first challenges the sophisticated means enhancement applied in his Guideline calculation. Our review of the record reveals ample support for this enhancement, including but not limited to Mr. Loute's sophisticated knowledge of Florida's licensure requirements that he circumvented; sophisticated knowledge of the insurance claims process; staging of automobile accidents; and direction of coconspirators within the shell companies. This argument is accordingly without merit. Mr. Loute next challenges the aggravating role enhancement applied in his Guideline calculation for holding an organizer or leadership role. Our review of the record reveals ample support for this enhancement, namely Mr. Loute's leadership over at least some of the members of the group of five or more through his direction of the business, including recruiting

5

coconspirators, hiring employees, recruiting and paying patients, and directing staged automobile accidents.  Mr. Loute's challenges regarding the loss amount attributed to him and the obstruction of justice adjustment applied in his Guideline calculation are without merit.  Mr. Loute's challenges to the procedural and substantive reasonableness of his sentence are similarly without merit.

For the foregoing reasons, Mr. Loute's conviction and sentence are **AFFIRMED**.