William E. BRITTON, Sr., Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 91–190.

Supreme Court of Wyoming.

July 23, 1992.

Leonard D. Munker, State Public Defender, David Gosar, Appellate Counsel, and Erin A. McIntyre, Asst. Public Defender, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Mary B. Guthrie and Barbara Boyer, Sr. Asst. Attys. Gen., for appellee.

Before THOMAS, CARDINE,

URBIGKIT * and GOLDEN, JJ., and BROWN, J. (Retired).

BROWN, Justice, Retired.

During appellant's jury trial, evidence of prior bad acts was introduced into evidence. In appealing his conviction, appellant urges a single issue:

> Did the trial court err in allowing the introduction of evidence concerning prior bad acts of the appellant?

We reverse and remand.

Appellant's fifteen-year-old son, E.B., testified that in September 1990, he was sexually molested by his father. E.B. stated that his father came home on a lunch break and forced him to participate in anal intercourse. Appellant's son later reported the incident to the authorities and appellant was subsequently accused of taking indecent liberties with a child in violation of Wyo.Stat. § 14–3–105 (1986).[1]

At trial, over the objection of defense counsel, the prosecution entered into evidence the testimony of appellant's stepdaughter, T.L.E. T.L.E. testified that eight years prior, the appellant had sexually abused her. After T.L.E. testified that appellant had "molested" her, the prosecution asked for specifics. The witness stated that appellant had sexual intercourse with her. She also testified to numerous sadistic and despicable acts of violence visited upon her by appellant. She stated that appellant, her stepfather, rubbed her face in human feces, kicked her in the crotch and shot her in the buttocks with a BB gun. The depredations became worse. T.L.E. further testified that appellant "performed oral sex" on her, stuck a hot curling iron into her vagina and hooked an electrical device to her nipples and shocked her.

Before trial, appellant objected to T.L.E.'s testimony and filed a motion in limine. During T.L.E.'s testimony, appellant continued to object. He contended that the prior bad acts were too remote, not similar to the crime charged, and the probative value of such evidence was substantially outweighed by the danger of unfair prejudice.

W.R.E. 404 provides, in pertinent part:

> (a) *Character evidence generally.*— Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, * * *
>
> \* \* \* \* \* \*
>
> (b) *Other crimes, wrongs, or acts.*— Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Bishop v. State*, 687 P.2d 242, 245 (Wyo.1984), we held:

> For evidence to be admissible at trial under Rule 404 W.R.E., it must also be relevant under Rule 402, W.R.E. Relevant evidence is defined in Rule 401, W.R.E., as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Once it is determined that the evidence is relevant, it must then be determined if the probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time as defined in Rule 403, W.R.E. If there is evidence of other crimes, wrongs, or acts, then it may only be admissible un-

---

* Chief Justice at time of oral argument.

1. Wyo.Stat. § 14–3–105 reads in pertinent part:
   Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony * * *.

der Rule 404(b), W.R.E., and cannot be used to show the character of the accused or that the accused had a propensity to commit crimes such as those with which he is charged.

■ This court has adopted the five part test, applied in *United States v. Myers*, 550 F.2d 1036 (5th Cir.1977), for determining if evidence of prior crimes is admissible. In *Bishop*, we set out those factors:

"(1) The proof of the other similar crimes must be plain, clear, and convincing.

"(2) The other crimes must not be too remote in time from the charged offense.

"(3) The evidence of the other crimes must be introduced for a purpose sanctioned by Rule 404(b) of the Federal Rules of Evidence.

"(4) The element of the charged offense that the evidence of other crimes is introduced to prove must be a material issue in the case.

"(5) There must be a substantial need for the probative value of the evidence of the other crimes."

*Bishop*, 687 P.2d at 246 (quoting *Myers*, 550 F.2d at 1044–45)).

■ We are not persuaded that sexual intercourse and oral sex (acts committed on a stepdaughter) are so dissimilar to the crime charged in this case that they could not be introduced in evidence. Both the sex acts committed in the case here and the sex acts committed at an earlier date were intrusive, were committed against youthful members of appellant's household, and constituted deviant sexual behavior. *Brown v. State*, 816 P.2d 818 (Wyo.1991). Furthermore, we are not persuaded that sexual acts performed on a member of appellant's household eight years earlier are too remote in time to be admissible under W.R.E. 404(b). We do not choose to impose an arbitrary year or month limitation of evi-

dence admissible under W.R.E. 404(b). The trial judge must be afforded certain discretion in evidentiary rulings. *Tennant v. State*, 786 P.2d 339 (Wyo.1990); *Pena v. State*, 780 P.2d 316 (Wyo.1989). The test for remoteness cannot be a mechanical process based only on the amount of time that elapsed between the prior act and the present offense. *United States v. Scott*, 701 F.2d 1340, 1345 (11th Cir.1983). Decisions have upheld the admission of evidence of crimes committed more than eight years before the current charge. *See, e.g., United States v. Lopez–Martinez*, 725 F.2d 471, 476 (9th Cir.1984) (admission of prior act committed eight years before was acceptable because it was similar enough to the charged crime to be relevant); *United States v. Foley*, 683 F.2d 273, 278 (8th Cir.1982) (eleven years acceptable; in determining whether evidence is too remote, the court should apply a reasonableness standard); *United States v. Engleman*, 648 F.2d 473, 478 (8th Cir.1981) (thirteen years acceptable); *Gezzi v. State*, 780 P.2d 972 (Wyo.1989) (evidence of acts going back seven or eight years). Questions concerning remoteness of evidence are left to the sound discretion of the trial court and are subject to challenge only for clear abuse of discretion. *Goodman v. State*, 601 P.2d 178, 184 (Wyo.1979).

■ It seems, however, the prosecution went too far and that a portion of the stepdaughter's testimony was clearly inadmissible. We know of no cases that have sanctioned admitting into evidence, under W.R.E. 404(b), the bad acts last set out in this opinion. The testimony that, at an earlier date, appellant thrust a curling iron in his stepdaughter's vagina and hooked an electrical devise to her nipples is not relevant evidence under the definition set out in W.R.E. 401.[2] W.R.E. 404(b) is itself a special rule of relevance which requires that evidence of prior wrongs, crimes or acts be admitted for a permissible purpose

---

2. W.R.E. 401 reads:
   "Relevant evidence" means evidence having any tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

other than proving character to show conformity therewith. *Longfellow v. State,* 803 P.2d 848, 850 n. 2 (Wyo.1990). In the context of sexual abuse of minors, we have recognized two permissible uses for such testimony: to demonstrate the course of conduct between the perpetrator and his victim, and to show the perpetrator's motive for committing the crime. *Brown v. State,* 817 P.2d 429, 433–34 (Wyo.1991). The testimony at issue here is too far removed from appellant's course of conduct toward his victim or from the motivation which led to the acts charged to be of probative value for a recognized purpose under Rule 404(b). It differs markedly from the act of anal intercourse with which appellant was charged. Furthermore, this type of evidence is calculated to inflame the jury and show the bad character of appellant and that he acted in conformity with that bad character. This type of evidence is prohibited by W.R.E. 404(b).

Other testimony regarding prior bad acts, such as rubbing the stepdaughter's face in feces, kicking her in the crotch, and shooting her in the buttocks, is also highly improper and prohibited by W.R.E. 404(b). This testimony concerns acts that would not have relevance to either the appellant's course of conduct with his victim or his motivation for committing the act with which he is charged.

The testimony regarding the bad acts last indicated is not only irrelevant according to W.R.E. 401 and prohibited by W.R.E. 404(b), but should also be disallowed according to W.R.E. 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The probative value of testimony showing numerous sadistic acts is far outweighed by the danger of unfair prejudice

and should have been excluded. We know of no authority from any jurisdiction to the contrary.

Reversed and remanded.

THOMAS, J., dissents.