## EDWARDS v. SQUIER, Warden.
### No. 12339.

United States Court of Appeals
Ninth Circuit.
Dec. 12, 1949.

John C. Edwards, in propria persona, for appellant.

J. Charles Dennis, U. S. Attorney, Guy A. B. Dovell, Asst. U. S. Attorney, Tacoma, Washington, for appellee.

Before DENMAN, Chief Judge, and POPE and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment dismissing appellant's proceeding in habeas corpus on the ground that it alleged no ground for granting the writ. Appellant contends that he pleaded guilty to and was sentenced to consecutive sentences on two charges of an information which on their face were so diverse in character that they could not be charged in the same information within the provisions of Rule 8(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., as follows:

"(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

One of the charges was a violation of the Motor Vehicle Theft Act, 18 U.S.C.A. § 408 [now §§ 2311–2313], and the other a violation of the National Stolen Property Act, 18 U.S.C.A. § 415 [now § 2314]. The findings of the judgment are:

"It is adjudged that the defendant has been convicted upon his plea of guilty of the offense of Violation of T. 18, USCA, 408, 415 (National Motor Vehicle Theft Act and Nat'l Stolen Property Act), in that on Mar. 16, 1947, defendant transported a stolen motor vehicle from Houston, Texas, to Sacramento, California, knowing said motor vehicle had been stolen, (Count One)

"That on March 16, 1947, defendant transported in interstate commerce securities of the approximate value of $22,625.00, which had heretofore been stolen on Feb. 22, 1947, at Houston, Texas, from Mrs. Martha Marian Koch, etc. (Count Two) as charged in counts 1 and 2 of the Information, * * *."

While it is difficult to conceive that on the same day the defendant in Houston, Texas, could transport in separate transactions the stolen securities in interstate commerce and begin the transport of a stolen automobile from there to Sacramento, California, we assume that the two transports were separate transactions.

The question remains whether the two offenses charged are of the "same or similar character." Obviously, if the two charges had been of the transportation at different times of different automobiles known to be stolen they would have been of the "same" character of offense. We think that the interstate transport of different kinds of stolen articles is an offense of "similar character." To hold otherwise, would fail to give effect to the word "similar" succeeding the word "same" and thus violate an elementary rule of statutory construction.

Appellee also argues that in no case may the court in a habeas corpus proceeding consider the contention that a joinder in an indictment or information of counts not permitted by Rule 8(a) warrants the issuance of the writ. Since we hold that the joinder is permitted by that section, the contention becomes irrelevant.

The order dismissing appellant's petition is affirmed.