**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0440** (Nicholas County 11-F-48)

**Franklin Overbaugh,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Duane C. Rosenlieb Jr., arises from the Circuit Court of Nicholas County, wherein he was sentenced to a determinate term of incarceration of forty years following his jury conviction of second degree murder by order entered on March 1, 2012. The State, by counsel Laura Young, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, petitioner was indicted, along with James Walker, for the first degree murder of Brian K. Darby. Testimony was introduced at trial that the victim had physically assaulted petitioner on at least two prior occasions, and that the victim had also physically assaulted other people who lived at the residence where the victim was later killed. Prior to trial, co-defendant Walker pled guilty, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), to one count of voluntary manslaughter, one count of solicitation to commit voluntary manslaughter, and one count of conspiracy to commit voluntary manslaughter. In a statement to police, petitioner admitted to shooting the victim in the leg with a shotgun. The State alleged that the victim had been lured to the home on the day of the shooting so that petitioner could kill him. Following trial, the jury returned a guilty verdict on one count of second degree murder, for which petitioner was sentenced as noted above.

On appeal, petitioner alleges that the circuit court erred in preventing him from introducing character evidence concerning his military training, in admitting irrelevant evidence concerning his conduct, and in permitting prosecutorial misconduct through arguing facts not in evidence. In support, petitioner argues that he attempted to introduce evidence that prior military training taught him to aim for "center mass" in order to kill someone. Petitioner sought to introduce this evidence to show that he did not intend to kill the victim when he shot him in the leg. However, petitioner argues that the circuit court sustained the State's objection to the introduction of such evidence and, in doing so, prevented petitioner from putting his own

1

pertinent character trait at issue. Further, petitioner argues that the circuit court erred in admitting irrelevant testimony concerning specific incidents to rebut petitioner's character. According to petitioner, after the circuit court ruled that he put his character at issue, it then improperly allowed the State to rebut his character evidence with testimony from a different witness regarding the petitioner and Carrie Bush kissing in the back of a police car. Lastly, petitioner argues that the circuit court erred in allowing the prosecuting attorney to argue facts not in evidence relating to letters supposedly written by petitioner to Carrie Bush. According to petitioner, the prosecutor used these letters to bolster the State's theory that petitioner killed Mr. Darby because of his love for Ms. Bush, but the letters were never admitted into evidence, nor was any evidence ever introduced to support the prosecutor's assertions that petitioner and Ms. Bush were in any sort of relationship. Further, petitioner argues that the State did not notify him of its intention to rely on the letters despite his request for any evidence being admitted pursuant to Rule 404(b) of the West Virginia Rules of Evidence.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). First, the Court finds no error in the circuit court's rulings related to petitioner's direct examination and the introduction of testimony concerning his military training. The record shows that petitioner's counsel questioned him extensively as to his military background, training, and experience. Further, the trial transcript contains at least six pages of petitioner's testimony on this subject prior to the State's objection for relevance. At that time, the circuit court instructed petitioner's counsel to ask questions directly related to the defense's theory that petitioner's training caused him to shoot the victim in the leg in order to simply wound, as opposed to kill, him. We have previously held that

> "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus Point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955).

Syl. Pt. 6, *State v. Rash*, 226 W.Va. 35, 697 S.E.2d 71 (2010). It is clear that the circuit court sought only to limit the petitioner in introducing irrelevant evidence concerning his general military background and did not prevent petitioner from testifying as to any training that supported the theory that petitioner sought to wound the victim. For these reasons, we find no error in regard to this issue.

Second, the Court finds no error in regard to the introduction of evidence related to petitioner's conduct with Ms. Bush. This is not evidence of petitioner's character, as he incorrectly argues. The evidence spoke directly to the State's theory that petitioner had romantic feelings for Ms. Bush and that petitioner was motivated to kill the victim, at least in part, because of this romantic interest. As such, it was not error to allow a witness to testify to having seen petitioner kissing Ms. Bush in the back of a law enforcement vehicle following Mr. Darby's murder.

Finally, the Court finds no error in regard to the prosecutor referencing certain letters throughout the trial below. The record shows that petitioner did not object to the State's reliance on these letters at any point during the trial. We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). As such, petitioner has waived any alleged defect in this regard.

Further, these letters do not constitute character evidence, as petitioner argues, and they are clearly not evidence of the type contemplated by Rule 404(b). That rule governs the prohibition against evidence of other crimes, wrongs, or acts introduced to prove a person's character to show that he or she acted in conformity therewith. The letters of which petitioner complains were appropriately utilized to cross-examine witnesses, including petitioner, in regard to the petitioner's motivation to commit the crime in question and did not have to be introduced into evidence in order for the prosecutor to refer to their contents to impeach those witnesses. Despite petitioner's allegation that the letters were not authenticated and lacked foundation, petitioner himself testified that he "[didn't] deny writing Carrie letters." Additionally, the two individuals that were party to the correspondence testified directly to the contents thereof, thereby putting those portions testified to into evidence and allowing the prosecutor to rely on that evidence to support the State's theory of the case. To the extent petitioner would contest admissibility on hearsay grounds, the Court finds that none of petitioner's statements from the letters constitute hearsay because they are admissions by a party-opponent under Rule 801(d)(2) of the West Virginia Rules of Evidence.

Lastly, the Court notes that petitioner asserted in his reply brief, for the first time, an assignment of error related to the circuit court's denial of his motion for a mistrial and refusal to give a curative jury instruction after a witness allegedly provided false testimony about a concession he received from the State. Because petitioner failed to raise this issue in his brief as either an assignment of error or as an argument, as required by Rule 10 of the Rules of Appellate Procedure, the Court declines to address the same herein.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3