No. 15-0537 – *State v. Gary A.*

LOUGHRY, Justice, concurring:

**FILED**
**September 23, 2016**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

I fully concur in the majority's opinion and write separately to emphasize an important point: Rule 404(b) testimony establishing lustful disposition toward children is not rendered inadmissible solely by alleged remoteness. The Rule 404(b) testimony of Amanda R. and Sabrina R. was clearly admissible in the instant case even though it pertained to events occurring many years before the petitioner molested L.M. This evidence went squarely to the issue of the petitioner's lustful disposition toward children, and the jury was free to consider the remoteness in time and accord the evidence whatever weight it deemed appropriate.

In the instant case, 404(b) witnesses Amanda R. and Sabrina R. testified about incidents of sexual misconduct that the petitioner inflicted upon them when they were young girls. Amanda R. recounted that when she was between seven and ten years old, the petitioner would "tickle" her in the pelvic area. She also recalled how, at a sleepover, she awoke to find the petitioner's hand on her pelvic area outside of her pants. Sabrina R. testified that the petitioner molested her beginning when she was four or five years old and continuing until she was ten or eleven years old, and that his conduct included touching her genitalia with both his hands and his genitalia. Notably, Amanda R. and Sabrina R. were

1

approximately the same age as the young female victim herein, L.M., when the misconduct occurred, and the conduct they described is similar to the sexual touching described by L.M. Moreover, they, like L.M., were related to the petitioner and in a position of trust to the petitioner when the misconduct occurred. The petitioner even conceded that he committed some acts of sexual misconduct against Sabrina R.

The circuit court correctly concluded that this evidence showed the petitioner's lustful disposition toward children and was thus admissible pursuant to West Virginia law:

> Collateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment.

Syl. Pt. 2, in part, *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). In adopting the lustful disposition exception to Rule 404(b), the Court recognized that children often have greater difficulty than adults in establishing the precise dates and details of incidents of sexual abuse, and that a full disposition of the facts forming the context of the crime presents a fairer opportunity for the jury to assess witness credibility. *Id.* at 650-51, 398 S.E.2d at 132-33.

2

The petitioner argues that the conduct reported by Amanda R. and Sabrina R. should have been excluded from the trial on the basis that it was not "reasonably close" in time to the events described by L.M., as that phrase is used in *Edward Charles L.* Recognizing first the *considerable* gatekeeping discretion afforded the circuit court in determining whether an incident is "reasonably close," I reject the notion that this holding serves to supplant our wealth of case law on the issue of remoteness as relates to 404(b) evidence. This Court has made abundantly clear that the admissibility of 404(b) evidence is not nullified by the fact that the occurrences were remote in time. Rather, "'[a]s a general rule remoteness goes to the weight to be accorded the evidence by the jury, rather than to admissibility.' Syl. Pt. 6, *State v. Gwinn*, 169 W.Va. 456, 288 S.E.2d 533 (1982)." Syl. Pt. 5, *State v. Winebarger*, 217 W.Va. 117, 617 S.E.2d 467 (2005). This general rule applies to 404(b) evidence in child sexual assault cases:

> More recently, this Court has recognized that the probative value of other bad act evidence is not completely nullified by the fact that various sexual assaults occurred remote in time from one another. In *State v. McIntosh*, 207 W.Va. 561, 534 S.E.2d 757 (2000), this Court held that evidence of prior sexual incidents involving a defendant teacher and his female students was admissible, although the sexual assaults occurred within four, seven and thirteen years of each other. In coming to this conclusion in *McIntosh*, we recognized that "the decision on remoteness as precluding the admissibility of evidence is generally for the trial court to determine in the exercise of its sound discretion." *Id.* (*quoting State v. Gwinn*, 169 W.Va. 456, 472, 288 S.E.2d 533, 542 (1982)). We also relied upon our prior holding in *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945), wherein we stated:

> An abuse of discretion is more likely to result from excluding, rather than admitting, evidence that is relevant but which is remote in point of time, place and circumstances, and that the better practice is to admit whatever matters are relevant and leave the question of their weight to the jury, unless the court can clearly see that they are too remote to be material.

*Id.* at 311-12, 36 S.E.2d at 416.

> It is well understood that "[a]s a general rule remoteness goes to the weight to be accorded the evidence by the jury, rather than to admissibility." *State v. Gwinn*, 169 W.Va. at 457, 288 S.E.2d at 535. "The admissibility of evidence concerning prior bad acts under rule 404(2) must be determined upon the facts of each case; no exact limitation of time can be fixed as to when prior acts are too remote to be admissible." *McIntosh*, 207 W.Va. at 572, 534 S.E.2d at 768 (*quoting State v. Burdette*, 259 Neb. 679, 697, 611 N.W.2d 615 (2000)). Furthermore, "[w]hile remoteness in time may weaken the probative value of evidence, such remoteness does not, in and of itself, necessarily justify exclusion of the evidence." *Id.* at 573, 534 S.E.2d at 769. Several courts have made similar holdings.

*State v. Rash*, 226 W.Va. 35, 45-46, 697 S.E.2d 71, 81-82 (2010) (footnote omitted); *see also State v. Parsons*, 214 W.Va. 342, 350, 589 S.E.2d 226, 234 (2003) (finding that approximately twenty years was not too remote for 404(b) evidence in child sexual assault trial).

In the case at bar, the circuit court properly determined that the overwhelming similarities between the 404(b) testimony and L.M.'s allegations rendered the 404(b) evidence admissible and that, in accordance with the general rule articulated above, the jury

4

was permitted to accord whatever weight it deemed appropriate to the lapse in time between events. Moreover, the defendant was afforded substantial safeguards by the circuit court through its careful adherence to the procedures required by *State v. McGinnis*, including: holding an *in camera* hearing; determining by a preponderance of the evidence that the events occurred and were committed by the petitioner; finding that the evidence was relevant and not unfairly prejudicial; and giving cautionary instructions to the jury. *See*, Syl. Pt. 2, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994) (specifying procedures for admission of Rule 404(b) evidence).

We review a circuit court's admission of 404(b) evidence for an abuse of discretion. "'As the control of the scope, latitude and method of introduction of evidence of collateral crimes and charges is vested in the trial court, motions to introduce and motions and objections for exclusion of such evidence are addressed to the sound discretion of the court.' Syl. Pt. 14, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)." *Winebarger*, 217 W.Va. at 119, 617 S.E.2d at 469, syl. pt. 3. Based upon the foregoing, I agree with the majority's conclusion that the circuit court properly admitted the 404(b) evidence on the issue of the petitioner's lustful disposition toward children and seek to reiterate our clear precedent holding that remoteness will not, alone, serve to render 404(b) evidence inadmissible.

Accordingly, I respectfully concur.